IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60419-CIV-MOORE

RICHARD BRINKMAN,

        Plaintiff,

vs.

COSTA CROCIERE, SpA.,

        Defendant.
_____/

### ORDER DENYING DEFENDANT'S AMENDED MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Amended Motion to Dismiss (dkt # 9). A Response (dkt # 15) and a Reply (dkt # 19), regarding the Amended Motion to Dismiss, were also filed.

UPON CONSIDERATION of the Motion, and being otherwise fully advised in the premises, the Court enters the following order:

**I.**     **Background**

This cause of action arose from Plaintiff's vacation cruise aboard Defendant's cruise ship the *Costa Magica*. Compl. at 1. On May 16, 2006, while traveling aboard the *Costa Magica*, Plaintiff allegedly slipped on undiscoverable cleaning liquid negligently left by a *Costa Magica* crew member. Plaintiff sustained the following injuries from his slip and fall: compression fracture of his L2 vertebrae, a herniated disc, and a torn MCL. Pl. Resp. at 2. Plaintiff, a Florida citizen, is suing Defendant, a foreign corporation, for damages in excess of $75,000.

Defendant filed an Amended Motion to Dismiss (dkt # 9) stating that this cause of action should be dismissed for failure to serve process upon Defendant. Plaintiff served process upon Costa Cruise Lines ("CCL"), a wholly owned subsidiary of Defendant, Costa Crociere. Pl. Resp. at 2. Defendant argues that CCL is not an agent that can accept service upon behalf of

Defendant, Costa Crociere. *See* Amd. Mot. at 3-5. In addition, Defendant also states that even if CCL could receive process, Martha Perez, the individual actually served with process, is not an employee of Defendant or CCL. Def. Rep. at 1-2.

## II. Discussion

The Federal Rules of Civil Procedure provide that service upon a foreign corporation may be executed "in the manner authorized by the State in which the district court sits, or by the State in which the service is to be accomplished." *See* Fed. R. Civ. P. 4(h). This Court, the Federal District Court for the Southern District of Florida, sits in the state of Florida. Thus, pursuant to Florida statute § 48.081, service of process may be made upon a foreign corporation in the following manner:

> (1) Process against any private corporation, domestic or *foreign*, may be served:
>     (a) On the president or vice president, or other head of the corporation
>     (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>     (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>     (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c) on any officer or *business agent residing in the state*
> (2) If a foreign corporation has *none of the foregoing officers or agents in this state, service may be made on **any agent** transacting business for it in this state.* [emphasis added]

In this case, Defendant has explicitly stated to this Court, and asked this Court to take judicial notice of, the fact that Defendant is a foreign corporation. *See* Not. and Req (dkt # 6) at 2-3. Plaintiff also characterizes Defendant as a foreign corporation; therefore, it appears stipulated to, and this Court concurs, that Defendant is a foreign corporation. *See* Pl. Compl. at 1. Plaintiff must serve process upon Defendant in accordance with Florida Statute § 48.081, which lists the requirements for service of process upon a foreign corporation.

Defendant also requests that this Court take judicial notice that Defendant does not have any offices or employees in Florida. *See* Not. and Req at 2 (referring to Tananta v. Cruise Ships Catering & Servs. Int'l, 909 So. 2d 874 (Fla. 3rd DCA 2004). Since Defendant does not have any

2

offices or employees in Florida, Plaintiff must serve process pursuant to § 48.081, which allows Plaintiff to execute service upon "any agent transacting business for [principal] in this state." Fla. Stat. § 48.081(2).

CCL is a business agent of Defendant and transacts business for Defendant in the state of Florida. CCL provides exclusive sales and marketing for Defendant within the United States. *See* Pl. Resp. Ex 2 at 1. CCL, acting as Defendant's exclusive agent, is also responsible for hiring travel agents, port agents, issuance of tickets, and collection of payment for tickets. Id. Further, Defendant actually agreed to a document with CCL entitled "Agency Agreement." Id. CCL also issues tickets that bind Defendant into contracts to take passengers on their ships. For Defendant to now claim that CCL is not their business agent is disingenuous. Therefore, CCL qualifies as "any agent transacting business" in Florida for Defendants; consequently, it is proper for Plaintiff to serve process upon CCL. *See* Fla. Stat. § 48.081(2).

Last, Defendant argues that Martha Perez is not an agent transacting business for Defendant. Pl. Rep. at 1. Defendant refers to the Affidavit of Ms. Perez as grounds that she is not an employee or agent of Defendant or CCL. Id. The Affidavit of Ms. Perez indicates that she is not an employee of CCL. See (dkt # 21). Plaintiff's service of process upon Ms. Perez fails Under Rule 4(m) of the Federal Rules of Civil Procedure, the Court has discretion to extend the time allotted for service for any cause. *See* Fed. R. Civ. P. 4(m); see also id. cmt. subdiv. (m) (1993) ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."). In the interests of justice and because this Court just now contemporaneously determined that service upon CCL is proper, the Plaintiff's service of process upon Ms. Perez is quashed, but Plaintiff is granted leave to serve the appropriate CCL employee on or before November 1, 2007.

III.  **Conclusion**

Therefore, it is

ORDERED AND ADJUDGED that Defendant's Amended Motion to Dismiss (dkt # 9) is DENIED.  It is further

ORDER AND ADJUDGED that service upon Ms. Perez is quashed with leave for Plaintiff to effect service upon a proper CCL employee on or before November 1, 2007.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of October, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record